**PALERMO, et, Plaintiffs and Contestors, v VITULLO, et, Defendants and Contestees.**

Common Pleas Court, Mahoning County.

No. 125786.

Mitchell, Mitchell & Reed, Youngstown, for Sebring Civic Organization.

Harold H. Hull, Youngstown, for Mahoning County Board of Elections.

Williams & Brown, Youngstown, for plaintiffs-contestors.

Decided January 19, 1948.

## OPINION

By FORD, J.

This is a contest of election under §4785-166ff GC. The contestors assert that a local option issue submitted to the voters of the Village of Sebring was not duly approved by them because the polling place in one of the five election precincts was not located within the geographical limits of the precinct. **Sec. 4785-117 GC**, as it was in effect on election day, provided that the Board of Elections shall provide in each precinct a polling place.

This case is unusual in that it is not a contest relating to the numerical count of ballots between opposing candidates or for or against an issue. The voters approved the issue. It is asserted that the voters did not duly approve the issue and the Court is asked to set aside the election in toto as illegal because of the place where the ballots of a substantial number of voters were cast.

Counsel have only submitted one reported decision involving the location of a polling place outside the lines of a voting district as affecting the validity of an election. Neither in that case, nor here, was there any showing that any elector was deprived of his privilege of voting or that the result of the election would have been different had the polling place been within the precinct lines. It was held that the important question in cases involving irregularity in election procedure is whether the qualified electors were deprived of a fair opportunity of expressing their preference and that irregularities which do not affect the result should be disregarded. Re AMMER, 3 O. N. P. NS. S. 329.

Assuming, but not deciding that §4785-117 GC required the polling place to be within the lines of the precinct, I feel that the reasoning in the cited case is sound and applicable to this controversy.

The utmost limit to which a court should go would be to throw out the votes in the precinct in question. The record shows that the issue was approved in the other four precincts. I do not think that the votes in those precincts can be invalidated because of an irregularity in the fifth precinct.

I therefore find and determine that the local option issue in this case was duly approved by the voters. An order will be entered to that effect, dismissing the petition at contestors' costs and vacating the temporary restraining order heretofore allowed.

Counsel will submit a form of journal entry for the Court's approval.